NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH L. LENK, | No. 17-16631 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02625-BLF |
| v. | |
| MONOLITHIC POWER SYSTEMS, INC.; MAURICE SCIAMMAS, Senior VP of Monolitchic Power Systems, Inc., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Kenneth L. Lenk appeals pro se from the district court's judgment

dismissing his action alleging violations of Title VII and 42 U.S.C. § 1981.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

basis of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Lenk's action on the basis of claim preclusion because the claims were raised or could have been raised in a prior action between the parties or those in privity with them, and the prior action resulted in a final judgment on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710, 713-154 (9th Cir. 2001) (setting forth elements of claim preclusion under federal law and explaining that an identity of claims exists between the first and second adjudications when the two suits arise out of the same transactional nucleus of facts; plaintiffs' receipt of "right to sue" letters after dismissal of earlier action did not bar application of claim preclusion to their Title VII claims).

The district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

The district court did not abuse its discretion by denying Lenk's requests for recusal of the district judge and magistrate judge because the requests were untimely and Lenk failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C.

§ 455 (circumstances requiring recusal); *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification under § 455(a)); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294-95 (9th Cir. 1992) (setting forth standard of review and concluding that disqualification issue raised for the first time after entry of judgment was untimely).

We reject as without merit Lenk's contention that the district court infringed on his right to a jury trial under the Seventh Amendment.

Appellees' motion to take judicial notice (Docket Entry No. 16) is granted.

**AFFIRMED.**